McCALEB, Justice
(dissenting in part).
I am in accord with the ruling that the completion of the Louise Thibodeaux Well No. 1, which was capable of producing gas in paying quantities, preserved the rights of the royalty owners despite the fact that the well was shut in for want of a market and that no gas was sold or marketed from it until after expiration of ten years from the date of the royalty sale. And I am also willing to concede that, notwithstanding the unqualified right granted by Touchet in his lease to the oil company to pool or combine his acreage with any other land, leases or mineral interests in the immediate vicinity for the purpose of forming a production unit, it was subject to an implied condition that the oil com *333 pany had or would obtain similar authority from the owners of all other lands forming the unitized area and that, in the absence of the consent of all such owners, the unit could be dissolved by any person adversely affected thereby.
But I do not agree it necessarily follows that, because the oil company did not have the consent of Basil Sonnier, whose lands were included within the unitized area, at the time the operating unit was formed by the declaration of February 13, 1950, the original formation of the unit was illegal in view of the fact that the oil company subsequently obtained Sonnier’s consent which, in my opinion, was nothing more than his ratification of the oil company’s act in placing his land within the unit prior to the time prescription had accrued against the rights of the royalty owners.
If, as above pointed out, the unqualified consent to unitize given the oil company by Touchet is considered burdened with the implied condition that it was not to be effective unless the oil company obtained the consent of all of the landowners whose land formed the unit (a ruling most favorable to Touchet), his contention should not be sustained as it is a familiar principle of law that, when an obligation is dependent upon the performance of a condition, the condition, when performed by the obligor, has retroactive effect.
Article 2041 of the Civil Code provides, in part, “The condition being complied with, has a retrospective effect to the day that the engagement was contracted”. Thus, when the oil company obtained the consent of Sonnier to the formation of the unit by the pooling declaration filed by it for record on February 13, 1950, that declaration became binding on all parties thereto, not from the date that Sonnier gave his consent but as of the date of its filing. To hold otherwise would deny to the other members of the pooling unit, other than the owner of the well site, the right to participate in production until such time as a new unit is formed with the express consent of all parties thereto.
I am also of the opinion that Touchet’s acceptance of “Shut-in royalties” estops him from now contending that there was no production attributable to his land during the ten year royalty period.
I respectfully dissent.